STATE of Maine

v.

Richard S. ROGERS.

Supreme Judicial Court of Maine.

Aug. 2, 1978.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Stephen Sumner (orally), Law Student, Portland, for plaintiff.

Berman, LeBlanc, Pallas & Clark by Ray R. Pallas (orally), Westbrook, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

The Defendant, Richard S. Rogers, brings this appeal from the judgments of conviction on charges of escape,[1] armed robbery,[2] and armed assault and battery[3] entered in Superior Court in Cumberland County. He was there tried by jury upon pleas of not guilty and not guilty by reason of mental disease or defect. He argues here that the evidence was insufficient on the escape charge to permit a finding of lawful detention, that the presiding justice erroneously allowed a reference to a prior crime committed by the Defendant, and that the court below improperly refused to instruct the jury on the dispositional consequences of a verdict of not guilty by reason of mental disease or defect.

We deny the appeal.

On the afternoon of February 26, 1976, while being held in the Cumberland County Jail on a pending charge, the Defendant was taken to Mercy Hospital for treatment of a diabetic condition. At the hospital, the escorting officer and the Defendant were separated for purposes of medical examination, and the Defendant left the hospital.

The next day, the Defendant went into a rent-a-car office in Portland. In his initial entry, he simply asked the attendant for the time and left. Some ten minutes later, he re-entered the establishment, exhibited what appeared to be a pistol, demanded and received the register receipts, and assaulted the attendant.

I.

The Defendant first argues that the evidence was insufficient to support a jury finding that he was being lawfully detained. This contention is erroneous in that the issue of lawful detention is a question of law. *State v. Morton*, Me., 293 A.2d 775, 779 (1972). On appeal, we determine the lawfulness of the detention from the entire record. *Id.* at 777.

Deputy Sheriff Arthur Daigle testified that he was the records keeper at the Cumberland County Jail. Without objection, Daigle testified that the Defendant was being held at the jail on February 26, 1976, awaiting trial on four counts of "uttering," and that he had not met bail requirements. The witness further testified on cross-examination that according to his records the Defendant was being held pursuant to a District Court mittimus.

The Defendant argues that "(a)t best the State . . . introduced some hearsay evidence" of lawful detention. However, in the absence of specific objection at trial, that evidence was competent, and indeed was sufficient, to establish lawful detention. M.R.Evid. 103(a); McCormick on Evidence § 54 (2d ed. 1972).

II.

Dr. Walter Christie, a psychiatrist, testified for the Defendant on the issue of mental disease or defect. The witness' opinion, which was favorable to the Defendant, was based on a single interview with the Defendant, during which a history was obtained, plus review of pertinent medical records. During direct examination, Dr. Christie testified as follows:

> I didn't obtain history from him of a lot of serious criminal kind of aggression, but I think he was a man who liked to use his muscles, and he may have occasionally gotten into fights and certainly liked to feel pride in his strength. He of course did have this episode, I believe, in 1967, where he exercised very poor control under the influence of alcohol and did require some evaluations, psychiatric evaluations, and was incarcerated for a period of time at that time.

1. 17 M.R.S.A. § 1405, repealed by P.L.1975, c. 499, § 7, upon enactment of the Maine Criminal Code.

2. 17 M.R.S.A. § 3401–A, repealed by P.L.1975, c. 499, § 19, upon enactment of the Maine Criminal Code.

3. 17 M.R.S.A. § 201–A, repealed by P.L.1975, c. 499, § 5, upon enactment of the Maine Criminal Code.

On cross-examination, Dr. Christie testified that his evaluation was based primarily on the history given him by the Defendant, and that he believed that the Defendant had been truthful in giving that history.

The cross-examination continued:

Q. Did he tell you about an incident in 1967 that resulted in the examination at the State Hospital that you told us about before?

A. Yes, he did.

Q. What did he tell you about that incident?

A. Well he said he was, as I recollect, he was in a theater and he was intoxicated, and there was a gentleman who asked him to extinguish a cigarette, and that he had acted in a very rash way and struck the gentleman.

Q. And that was the substance of his incident as he related it to you?

A. That was the substance of it, right.

Q. Did he tell you what he was charged with at that time?

A. I thought it was assault. Now I don't think I specifically asked him what the charge was.

Q. Would it surprise you to learn that it was robbery?

Over objection, the presiding justice permitted the last question quoted above to stand. The Defendant argues that this question improperly and prejudicially directed the jury's attention to a prior crime.

We agree that evidence of this prior crime, whether resulting in a conviction or not, was not admissible either to impeach the Defendant's credibility or to attack his character. Rule 609, M.R.Evid., permits impeachment of only a witness through proof of a prior conviction; that includes a defendant when he becomes a witness. This Defendant, however, was not a witness in the case. Rule 404(b), M.R.Evid. provides that evidence of other crimes is not admissible to prove the character of a person to show that he acted in conformity therewith.

However, evidence which is inadmissible for one purpose may be admissible for another purpose. As the Advisers' Note to Rule 404(b) makes clear, evidence of other crimes or wrongs is not excluded for all purposes.

█ The facts or data relied upon by an expert in reaching an opinion may be inquired into on cross-examination.[4] M.R. Evid. 705(a). The opposing party may properly demonstrate the weaknesses in the basis of such an opinion, since that goes to the weight and credibility of the testimony. See *Polk v. Ford Motor Co.,* 529 F.2d 259, 271 (8th Cir.) *cert. den.* 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976). In any event, the scope of cross-examination is a matter for the discretion of the presiding justice. M.R.Evid. 611(b).[5]

Here, the basis of Dr. Christie's opinion was relevant, because evidence that he had reached that opinion from incorrect information, and from an incorrect perception that the Defendant had been truthful with him, would tend to call the opinion itself into question. The presiding justice did not abuse his discretion in allowing the question.

█ Since the evidence was admissible for that purpose, it was incumbent upon the Defendant to request a limiting instruction. M.R.Evid. 105. Absent such a request in the record, we can assume that counsel concluded that a limiting instruction would have overemphasized the importance of the evidence and decided to forego the request for strategic reasons. Field & Murray, *Maine Evidence,* § 105.2 (1976).

4. See *State v. Hathaway,* 161 Me. 255, 277, 211 A.2d 558 (1965) (Webber, J., concurring), for discussion of the evidentiary problem posed when statements made in the course of a psychiatric examination by a defendant alleging mental disease or defect are offered in proof of such defendant's guilt.

5. The first sentence of M.R.Evid. 611(b) provides as follows:

A witness may be cross-examined *on any matter* relevant to *any issue* in the case, including credibility. [emphasis added].

### III.

The Defendant finally argues that the court below improperly refused to instruct on the dispositional consequences of a verdict of not guilty by reason of mental disease or defect.

Our Court has considered and rejected this claim many times before, most recently in *State v. Dyer,* Me., 371 A.2d 1079, 1083 (1977). There was no error in refusing to give the requested instruction.

The entry must be:

Appeal denied.

Judgments affirmed.

DELAHANTY, J., did not sit.