**STATE of Maine**

**v.**

**Jules CHAREST.**

Supreme Judicial Court of Maine.

Argued Nov. 13, 1980.

Decided Jan. 26, 1981.

Janet Mills, Dist. Atty., Kevin J. Regan (orally), Asst. Dist. Atty., Auburn, for plaintiff.

Platz & Thompson, P. A., Roger J. O'Donnell, III (orally), John M. Whalen, Lewiston, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN, ROBERTS and CARTER, JJ.

GLASSMAN, Justice.

The defendant, Jules Charest, was convicted of assault on an officer, 17–A M.R. S.A. § 752–A, following a jury trial in the Superior Court, Androscoggin County. In this appeal, the defendant contends that the Superior Court committed error in allowing a prior conviction of larceny to be used to impeach his credibility. We affirm the judgment.

It is unnecessary to review all of the facts leading to the defendant's conviction. The State presented two officers who testified to facts which, if believed, were sufficient to establish the defendant's guilt beyond a reasonable doubt. The defense presented the testimony of the defendant and his girl friend, which testimony conflicted with that of the prosecution witnesses. Thus, the fundamental question to be considered by the jury was the credibility of the various witnesses. Before the defendant testified, the prosecuting attorney sought a ruling from the court that a prior conviction of larceny could be used to impeach the defendant. The court excluded a 1968 conviction for breaking and entering and a 1967 larceny conviction but ruled that the District Attorney might inquire on cross-examination concerning a 1970 conviction for larceny. It is this ruling which the defendant contends was erroneous.

Relying on federal authorities, *e. g., United States v. Fearwell*, 595 F.2d 771 (D.C.Cir. 1978); *United States v. Ashley*, 569 F.2d 975 (5th Cir.), *cert. denied*, 439 U.S. 853, 99 S.Ct. 163, 58 L.Ed.2d 159 (1978); *Government of Virgin Islands v. Toto*, 529 F.2d 278 (3d Cir. 1976), the defendant asserts that a trial court errs when it deems a crime to

involve "dishonesty or false statement" solely because the crime bears the name larceny. The defendant urges that before being allowed to impeach a defendant by a prior conviction of a minor crime the prosecution should be required to affirmatively demonstrate that the facts upon which the prior conviction was based warrant the characterization "dishonesty or false statement." *See United States v. Crawford*, 613 F.2d 1045 (D.C.Cir.1979).

Under Maine law, it is the category of the offense which establishes whether it is an offense involving dishonesty or false statement and not the underlying facts leading to the prior conviction. Thus, in *State v. Gervais*, Me., 394 A.2d 1183 (1978), we stated: " '[A]cts of deceit, fraud, cheating, or stealing, . . . are universally regarded as conduct which reflects adversely on . . . honesty and integrity.' " *Id.* at 1186, *quoting State v. Toppi*, Me., 275 A.2d 805, 810 n.5 (1971). Moreover, the facts underlying the prior conviction cannot be considered by the trial court in evaluating the probative value of the prior conviction since those underlying facts will never be made known to the jury. "[I]t is only the fact of conviction, and not the details of the offense, which is admissible." *State v. Carmichael*, Me., 395 A.2d 826, 829 n.5 (1978). It makes no sense whatsoever to have the trial court consider the prejudicial effect or the probative value of facts which will never be made known to the jury.

Here, it is clear that the presiding Justice engaged in the balancing of prejudicial effect versus probative value which is required by our rule. *See* M.R.Evid. 609(a). The prior conviction of larceny was probative on the issue of credibility. That probative value might have been considered somewhat diminished because of the passage of time since the conviction; yet, it is obvious that the trial court considered the question of remoteness since it did exclude two other convictions that were older than the one in question. The kind of prejudice which results from similarity between the prior conviction and the offense being tried did not exist in the instant case. The prosecutor carefully followed the instructions of this Court concerning the use of prior convictions for impeachment purposes. *See State v. Toppi, supra.* The trial court in its instruction limited the purpose for which the jury could use the evidence of the prior conviction. The admission of this evidence was totally consistent with M.R.Evid. 609(a) and with principles previously announced by this Court in *State v. Chubbuck*, Me., 406 A.2d 282 (1979), and *State v. Gervais, supra.*

The entry is:

Judgment affirmed.

All concurring.