STATE of Maine

v.

Gerald EMERY.

Supreme Judicial Court of Maine.

Argued May 12, 1981.

Decided Aug. 24, 1981.

G. Arthur Brennan, Dist. Atty., Anita St. Onge (orally), Asst. Dist. Atty., Alfred, for plaintiff.

James H. Dineen (orally), Kittery, for defendant.

Before McKUSICK, C. J., and WERNICK, NICHOLS, ROBERTS and CARTER, JJ.

ROBERTS, Justice.

Following a jury trial in Superior Court, York County, Gerald Emery was convicted on two counts of gross sexual misconduct, 17–A M.R.S.A. § 253. On appeal, Emery raises questions relating to the competency of the two minor witnesses and the sufficiency of the evidence. We affirm the convictions.

Emery lived with for a time and later married a woman with two children from a previous marriage: Michelle, age nine at the time of trial, and Michael, age five. During the week, their mother usually took the children to a babysitter on her way to work and picked them up on the way home. Sometimes, though, the children would stay home or arrive home early, before their mother. It was on those days when Emery, who was unemployed and usually at home during the day, committed the acts with the children for which he was convicted.

The State's evidence against Emery rested primarily on the testimony of the two children whose competency as witnesses Emery challenges. He contends that Michelle was an incompetent because on cross-examination she supposedly changed her testimony on whether she arrived home before her mother on the days in question. Even if true, Michelle's change of testimony on cross-examination would relate to credibility rather than to competency. The transcript, however, shows that her testimony on cross-examination did not significantly vary from her direct testimony. We find no error in the admission of Michelle's testimony.

Emery similarly misrepresents Michael's testimony in arguing that he too was incompetent. During voir dire, the defense asked Michael to explain the meaning of the word "truth." According to the defense version, Michael answered: "It is what I am supposed to tell here." Emery argues that this answer showed that the child had been instructed what to say and had no separate understanding of his obligation to tell the truth. In fact, as the transcript plainly shows and as the trial court pointed out, Michael responded: "By telling what people did to you." The court accepted this answer as showing, in this context, a concept of truth. Upon further questioning, the court was satisfied that Michael did have the necessary understanding of the importance of telling the truth. M.R.Evid. 601(b).

Michael did have difficulty answering some questions. For example, Michael initially was unable to tell in what town he went to school or lived, and he could not explain what a lie was. He did, though, understand and intelligently answer other questions. Reviewing the totality of his testimony, we cannot agree that the court abused its discretion in finding Michael to be a competent witness. *State v. Vigue*, Me., 420 A.2d 242, 246 (1980); *State v. Pinkham*, Me., 411 A.2d 1021, 1024 (1980).

Although not fully developed, defense contentions on appeal may be construed as generating an issue concerning the sufficiency of the evidence. By itself, Michael's testimony may have been too indefinite and contradictory to support Emery's conviction for acts involving Michael. For example, portions of Michael's testimony may be interpreted as supporting Emery's version of some events, and Michael was unable to describe in detail the sexual acts committed against him. Michelle's testimony, however, provided sufficient evidence of a pattern of sexual acts involving both children, and of the specific acts charged. Although there were inconsistencies in the testimony of the children, these inconsistencies created a credibility question that was for the jury to resolve. We cannot say that they rendered the testimony unworthy of rational belief.

Emery also appears to raise questions on appeal relating to alleged hearsay statements and the State's use of leading questions. We find these contentions to be without merit.

The entry is:

Judgments of conviction affirmed.

All concurring.