**STATE of Maine**

v.

**Willis SANDERS.**

Supreme Judicial Court of Maine.

Argued March 22, 1983.

Decided June 3, 1983.

John R. Atwood, Dist. Atty., William R. Anderson (orally), Asst. Dist. Atty., Belfast, for plaintiff.

Richard M. Dostie (orally), Belfast, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

VIOLETTE, Justice.

On August 26, 1981, defendant Willis Sanders was charged with two counts of unlawful sexual contact (Class C), 17–A M.R.S.A. § 255(1)(C) (1983),[1] by a Waldo

---

1. 17–A M.R.S.A. § 255(1)(C) provides: "A person is guilty of unlawful sexual contact if he

County Grand Jury. The victims of the alleged offenses were two young males aged twelve and ten at the time of trial.[2] On December 3, 1981, the case was transferred to Superior Court, Knox County. Defendant was tried before a jury on July 26–28, 1982, and found guilty as charged. On appeal, he challenges the sufficiency of the evidence to support both convictions. We reverse the judgment of conviction on Count I and remand to the Superior Court with instructions to enter a judgment of acquittal on that count; we affirm the judgment on Count II.

Defendant's trial began late in the afternoon on July 26, 1982. The state's only witness that afternoon was child A who testified as follows. Sometime in the spring of 1981, Sanders picked him up at his home and they drove alone to the home of a friend of Sanders. Before arriving at their destination, Sanders pulled the car into a field. While parked in the field, they began tickling each other. At this point of the trial, however, he testified that Sanders did not touch his privates. The jury was excused and the presiding judge permitted the prosecutor to voir dire the witness to determine whether anyone was influencing his testimony. After an extensive voir dire by both counsel and the Court which disclosed nothing significant, the Court excused the jury for the day and recessed until the following morning. The next morning, the State resumed its direct examination of child A. He gave the same testimony as the day before except this time he testified that Sanders touched his privates when they were parked in the field.

Child B testified about a similar incident involving Sanders and himself. On their way to the home of Sanders' friend, Sanders pulled his car off the road and parked in a field. This was the same field in which child A claimed that he was unlawfully touched by Sanders. Child B then testified that Sanders "pulled down my pants and played with my ding-a-ling" when they were in the field. He did not remember the date when this happened, but he remembered that firecrackers were being set off at the home of Sanders' friend.

Defendant took the stand and testified that the incidents never occurred. He further testified that the only night he recalled there being sparklers at his friend's home, he had taken several people with him and he did not stop at the field that night "or any other night." To specifically counter the charge in Count I, he presented several witnesses who testified that child A told them, prior to the trial, that Sanders did not touch his privates. With respect to Count II, defendant attempted to establish the alibi that he was out of town at the time charged in the indictment.

### I.

The State's case rested on the uncorroborated testimony of the two minor prosecutors. Defendant claims that this testimony was insufficient to support the jury's verdicts. He argues that: the conviction on Count I cannot be upheld because child A's testimony is completely contradictory; and the conviction on Count II cannot be upheld because only defendant's evidence was believable. We have previously held that the uncorroborated testimony of a minor complainant is sufficient to uphold a conviction if it is not contradictory, unreasonable or

intentionally subjects another person, not his spouse, to any sexual contact, and ... [t]he other person has not in fact attained his 14th birthday and the actor is at least three years older ...." Sexual contact is defined as "any touching of the genitals, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire." 17–A M.R.S.A. § 251(1)(D)

(1983). Unlawful sexual contact in violation of section 255(1)(C) is a Class C crime. 17–A M.R.S.A. § 255(2).

2. For purposes of this opinion, the victim of the alleged crime as charged in Count I will be referred to as child A, while the victim of the alleged crime as charged in Count II will be referred to as child B.

incredible. *State v. Pierce,* 438 A.2d 247, 252 (Me.1981); *State v. Morgan,* 379 A.2d 728, 730 (Me.1977).

■ We agree with defendant that child A's testimony is insufficient evidence to uphold the conviction on Count I. On the first day of trial, child A testified that Sanders did not touch his privates; the next day he testified that Sanders did touch his privates. In *State v. Kingsbury,* 399 A.2d 873 (Me.1979), a minor prosecutrix recanted her original story at one point during the trial before returning to that story. In upholding that conviction despite the contradictory testimony, we stressed that there was ample evidence from which the jury reasonably could have found that the recantation resulted from undue pressure applied by her mother, the defendant's girlfriend. *State v. Kingsbury,* 399 A.2d at 876. This case, however, is distinguishable from *State v. Kingsbury,* 399 A.2d 873. Here, there was no evidence that child A's testimony on the first day that Sanders did not touch his privates resulted from coercion or undue pressure. Although there was some evidence that child A's mother may have coerced him into making a false charge against the defendant, this evidence, if believed by the jury, would have tended to cast a reasonable doubt upon defendant's guilt. Because there is no evidence in the instant case from which the jury could have reconciled the completely contradictory stories in favor of the State, we must conclude that no finder of fact rationally could have found beyond a reasonable doubt that Sanders was guilty of unlawful sexual contact based on the uncorroborated testimony of this complainant. Accordingly, it was error for the trial justice to deny defendant's motion for acquittal at the close of all the evidence with respect to Count I of the indictment.

■ Because child B began crying at one point during the cross-examination by defense counsel, defendant claims that this inflamed the jury's sympathy and resulted in his conviction. He contends that his evidence was the only rational and credible evidence with respect to Count II. We disagree. Child B's testimony clearly established that Sanders unlawfully touched him in violation of 17–A M.R.S.A. § 255(1)(C). Unlike child A's testimony, child B's testimony was internally consistent; furthermore, it was neither unreasonable nor incredible. Therefore, the question of the sufficiency of the evidence to support this count is different from that in Count I. Here, the jury was required to choose between child B's testimony or the testimony by defense witnesses concerning defendant's alibi. On appeal, we will not overturn the jury's determination of credibility. *State v. Miller,* 252 A.2d 321, 326 (Me.1969); *see also State v. Henderson,* 435 A.2d 1106, 1108 (Me.1981); *State v. O'Brien,* 434 A.2d 9, 12 (Me.1981). We cannot conclude that no finder of fact rationally could have found Sanders guilty on Count II.

The entry is:

Judgment of conviction on Count I reversed.

Judgment of conviction on Count II affirmed.

Case remanded to Superior Court with instructions to enter judgment of acquittal on Count I.

All concurring.