**STATE of Maine**

v.

**James GROVER.**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1986.

Dec. 15, 1986.

Janet T. Mills, Dist. Atty., Walter Hanstein (orally), Asst. Dist. Atty., Farmington, for plaintiff.

Gerald U. Williams, Farmington, on brief, Bean, Jones & Warren, Daniel Warren (orally), Scarborough, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

WATHEN, Justice.

The defendant, James Grover, appeals his conviction of trafficking in a schedule W drug, 17–A M.R.S.A. § 1103 (1983), after a jury trial in the Superior Court (Franklin County). In addition defendant appeals from an order denying his motion for a new trial. Defendant contends that the trial court abused its discretion in admitting his criminal record and in failing to order dismissal as a sanction for the State's disclosure of inaccurate information during discovery. The defendant also alleges that the trial court erred in denying his motion for a new trial. We find no error and affirm the judgment of conviction and the denial of a new trial.

## I.

The evidence may be summarized as follows: The defendant James Grover was employed as a part-time bartender by the Red Stallion Inn in Carrabassett Valley during April 1984. The time sheets reflected that the Inn closed at 9:00 p.m. on Wednesday, April 4, 1984. The following day, April 5, the Inn remained open beyond midnight. The records indicated that the defendant did not work on Wednesday, April 4th and worked for two and one half hours around noon on Thursday, April 5th.

Patrick Lehan, an undercover agent, testified that on April 4, 1984, he rented room number 12 at the Inn using the name Paul Williams. During his stay at the Inn he informed several of the Inn's customers that he wanted to purchase cocaine. Later that evening at approximately 11:50 p.m., the defendant came to Lehan's room and a few minutes later sold him a substance which was later identified as cocaine. The police report, supplied to defendant through discovery, indicated that the transaction took place on Thursday, April 5, 1984. Specifically, the report mentioned that the defendant knocked on Lehan's door at 2350 hours.

Cynthia Leda Saucier, defendant's live-in girlfriend at the time, and defendant testified that they went to Auburn at 5:00 p.m. on the evening of April 5th to pick up a car that Saucier was purchasing and spent that night in their house in Raymond. Defendant had no recollection of where he was or what he was doing on the evening of April 4th.

## II.

██ First, defendant contends that the trial court abused its discretion in admitting evidence of his prior theft conviction. Under M.R.Evid. 609(a),[1] evidence of a prior conviction involving false statements or dishonesty is admissible to attack a witness's credibility if the probative value outweighs the prejudicial effect to the defendant. Defendant urges that before a justice admits a prior conviction of a minor crime to impeach a witness, the prosecution should demonstrate that the facts upon

---

1. **Rule 609. IMPEACHMENT BY EVIDENCE OF CONVICTION OF CRIME**

    **(a) General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime … (2) involved dishonesty or false statement, regardless of the punishment. In either case admissibility shall depend upon a determination by the court that the probative value of this evidence outweighs the prejudicial effect to the defendant.

which the prior conviction was based involve dishonesty or false representation. *See Government of Virgin Islands v. Toto*, 529 F.2d 278 (3rd Cir.1976). This Court rejected such a proposition in *State v. Charest*, 424 A.2d 718 (Me.1981). "Under Maine law, it is the category of the offense which establishes whether it is an offense involving dishonesty or false statement and not the underlying facts leading to the prior conviction." *Id.* at 719. Acts of stealing are generally regarded as conduct which reflects adversely on honesty and integrity. *See State v. Gervais*, 394 A.2d 1183, 1186 (Me.1978), *quoting State v. Toppi*, 275 A.2d 805, 810 n. 5 (Me.1971). The prior conviction of theft was probative on the issue of credibility. The type of prejudice that results from a similarity between the crime charged and the prior conviction did not exist here. Because the record does not establish that the prejudicial effect to defendant outweighed the probative value, the trial court did not err in admitting evidence of his prior conviction.

III.

■ Defendant next contends that the presiding justice erred in failing to grant his motion for dismissal as sanction for a discovery violation. Defendant interpreted the police report provided through discovery as describing a sale which took place just before midnight on Thursday evening, April 5. He came to trial prepared to offer an alibi defense for that evening. During the State's opening statement to the jury, defendant's trial counsel discovered that the undercover agent was going to testify that the sale took place 24 hours earlier, in the early morning hours of April 5. Although trial counsel explained the basis of his concern to the court, he made no motion and requested no sanctions despite an inquiry from the court, "what are you asking me to do?" At the conclusion of the State's case, counsel moved for a judgment of acquittal and referred to the discrepancy between the officer's testimony and report in reference to the sufficiency of the evidence. The presiding justice

pointedly observed that there was no motion for sanctions before him and, thus prompted, counsel moved for dismissal, stating specifically that he did not want a mistrial or a continuance. The court denied his motion.

By his strategic choices, defendant's trial counsel offered only two alternatives—the trial could continue, or the charge could be dismissed. It is beyond question that had a lesser sanction, such as a mistrial or a continuance, been promptly requested, it would have been ordered. We must view the case, however, in the posture in which it was placed by the actions of defense counsel.

We conclude that the trial court did not abuse its discretion in refusing to dismiss the case. In reviewing the issuance of sanctions under M.R.Crim.P. 16(d) this Court has determined that "an appellant must show that he was in fact prejudiced by the discovery violation despite the court's effort to nullify or minimize its consequences and that the prejudice rose to the level of depriving him of a fair trial. The extreme sanction of dismissal should be reserved for extreme cases." *State v. Reeves*, 499 A.2d 130, 133 (Me.1985). Defendant has not shown that he was deprived of a fair trial as a result of the court's failure to dismiss the case due to the State's failure to clarify the ambiguity in the police report. By insisting on the most extreme sanction and ignoring any lesser measure, trial counsel assumed a burden that defendant has not been able to surmount.

IV.

■ Defendant next claims that the trial court erred in denying him a new trial. Subsequent to trial, defendant discovered information contained in the Inn's registration records that indicated Patrick Lehan checked into the Inn on the evening of April 5th. Defendant moved for a new trial on the grounds of newly discovered evidence, claiming that these records could not have been discovered prior to trial be-

cause the Inn was in receivership and access was limited. Defendant also claimed that he had no indication prior to trial that the State was claiming the cocaine sale occurred in the early morning of April 5 and thus he could not have anticipated that this information would be needed.[2]

Defendant must show by convincing evidence *all* of the following five factors to gain a new trial on the grounds of newly discovered evidence:

> (1) that the evidence is such as will probably change the result if a new trial is granted, (2) that it has been discovered since the trial, (3) that it could not have been discovered before the trial by the exercise of due diligence, (4) that it is material to the issue, and (5) that it is not merely cumulative or impeaching, unless it is clear that such impeachment would have resulted in a different verdict.

*State v. Lord,* 458 A.2d 432, 433 (Me.1983), *quoting State v. Estes,* 418 A.2d 1108, 1114 (Me.1980). Defendant has failed to demonstrate sufficiently that he could not have discovered and presented the evidence that he now relies upon to show that the police agent rented a room at the Inn for the evening of April 5th, the same night defendant's alibi witness placed him in Raymond. To allege that he failed to discover the evidence because of his "inadvertence of not knowing the hotel trade" is not enough to establish adequately that the evidence could not have been discovered by the exercise of due diligence in time to raise it at trial. *See Spickler v. Dube,* 463 A.2d 739, 740 (Me.1983) (per curiam). The Inn's records could have been helpful to determine who was renting a room at the Inn, the names used and the rooms occupied. The defendant presented other business records from the Inn during trial; however, he did not present the Inn's guest registration records. Although the Red Stallion Inn was in receivership prior to the time of trial, it was not impossible to gain entry for the purpose of inspecting the records. We agree with the presiding justice that defendant did not prove by convincing evidence that the Inn's records could not have been discovered in the exercise of due diligence. Accordingly, we find no error in the denial of defendant's motion for a new trial.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** Any misunderstanding on the part of defense counsel was corrected as trial commenced and even at that point he did not request a continuance.