**STATE of Maine**

v.

**Harold MURRAY.**

Supreme Judicial Court of Maine.

Argued Jan. 19, 1989.

Decided June 1, 1989.

Paul Aranson, Dist. Atty., Megan Elam (orally), Asst. Dist. Atty., Portland, for the State.

Robert Napolitano (orally), Jura Burdinik, Portland, for defendant.

Before McKUSICK, C.J., and
ROBERTS, GLASSMAN, CLIFFORD,
HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Harold Murray appeals from his conviction of gross sexual misconduct, 17–A M.R.S.A. § 253 (Supp.1988), after a jury trial in Superior Court, (Cumberland County, *Lipez, J.*). Murray asserts that the five year old victim was not competent to testify and that the court should not have permitted the prosecutor's continued attempts to elicit incriminating testimony from her. He also challenges the court's refusal to grant a new trial. Because we find no reversible error at trial or in the denial of a new trial, we affirm the judgment.

Harold Murray was accused by a five year old girl of sexually molesting her. Initially, although the child showed signs of sexual abuse, it was not clear which of the several males with whom she had regular contact was the source of the abuse. Murray was named by the child when questioned by a police detective. At trial her testimony was at first halting and contradictory, but she eventually regained composure and stated that Murray was responsible for the abuse.

■ Because Murray made no objection to the child's initial testimony, we review the question of her competency for obvious error. M.R.Evid. 103(d). A witness will be found to be incompetent to testify only upon a showing that the witness cannot testify so as to be understood by the court and jury or cannot appreciate the duty of a witness to tell the truth. M.R.Evid. 601; *State v. Hussey*, 521 A.2d 278 (Me.1987). The court's finding of competency will be reversed only upon a showing of clear error. *Id.* at 280; *State v. Woodburn*, 559 A.2d 343, 346 n. 3 (Me.1989).

■ The child stated that she knew what lies were and that those who told them were punished. Her answers, although unsure and at times inconsistent, were certainly comprehensible. We cannot say that the court committed obvious error in permitting her to testify.

■ More troublesome is the child's "pattern of non-response" and continued refusal to implicate Murray as the perpetrator. Even though the trial court expressed concern about the witness's behavior, it failed to sustain Murray's objection to the State's repetitious questioning. Initially, the child was unwilling to respond to questions about the abuse, indicating that she could not remember what had happened. On occasion she denied that Murray had molested her. Later in her testimony she testified that Murray and one other adult male had abused her. This inconsistency goes not to competency, but to credibility. *State v. Emery*, 434 A.2d 51, 52 (Me.1981). The responsibility for weighing that testimony resides with the jury. *State v. Fischer*, 238 A.2d 210, 212 (Me.1968).

■ We have rejected the theory that uncorroborated testimony of a victim must be subjected to a heightened standard of *appellate* review. *State v. McFarland*, 369 A.2d 227, 228–29 (Me.1977). In the case before us, a properly instructed jury found the child's eventual incriminating testimony credible. We recognize that the trial court has the better opportunity to observe any nuances in the witness's behavior. On the whole record we cannot say that the court exceeded the bounds of sound judicial discretion in permitting the State to proceed with its reluctant witness.

■ Murray also argues that the child's subsequent recantation of her accusations is newly discovered evidence that requires a new trial. The decision to grant a new trial is within the discretion of the trial court. M.R.Crim.P. 33. The burden of persuasion is on the defendant to show that the evidence: 1) will probably change the result if a new trial is granted; 2) has been discovered since the trial; 3) could not have been discovered before the trial by the exercise of due diligence; 4) is material to the issue; 5) is not merely cumulative or impeaching, unless it is clear that such impeachment would have resulted in a different verdict. *State v. Grover*, 518 A.2d 1039, 1042 (Me.1986). The defendant must

prove all five factors to warrant a new trial. *Id.*

 On hearing the child's recantation, the presiding justice found it "sadly ... unpersuasive" and "not credible." There was no error in the court's determination that Murray failed to meet the burden of proving a new trial was warranted under the *Grover* standard.

The entry is:

Judgment affirmed.

McKUSICK, C.J., and HORNBY and COLLINS, JJ., concur.

CLIFFORD, Justice, with whom GLASSMAN, Justice, joins, dissenting.

I respectfully dissent.

Although I agree with the court that there was no clear error at the outset in the trial court's finding the child competent and in allowing her to testify, I conclude that the State should not have been allowed to persist in its questioning of the child and that contradictions in the child's testimony create a reasonable doubt as to Murray's guilt.

On direct examination, the child repeatedly stated that she could not remember anything bad that happened between the defendant and her, and denied that the defendant had molested her. Despite the clearly and repeatedly stated inability of the child to recall incidents of abuse, and her denial of such abuse, the State, over the objections of Murray, was allowed to continue to question the child about sexual abuse of her by Murray. The child testified about sexual abuse by Murray only after relentless questioning and constant reminders of what would happen to her if she did not tell the truth. The State was allowed to go well beyond what would have been permissible in the questioning of an adult witness who repeatedly professed no memory of and denied the occurrence of an incident. Although we have recognized that a trial court has broad discretion in allowing examination of a child witness, I would conclude that the persistent questioning of this child witness after she repeatedly and clearly stated that she did not remember any abuse, and denied that any abuse had occurred, taken together with reminders of bad things that would happen to her if she did not tell the truth, resulted in an improper coercion of the witness; its allowance constituted an abuse of the trial court's discretion.

Moreover, the child, on cross-examination, related incidents of sexual abuse by her mother's former husband strikingly similar to those she related involving Murray. Because of those unexplained similarities, and the contradictions between her descriptions of abuse by Murray and, at the same trial, her repeated and clear statements that she could not recall any such abuse or that there was no abuse, I would conclude that a jury would have to entertain reasonable doubt as to Murray's guilt. *State v. Sanders*, 460 A.2d 591, 593 (Me. 1983).

I would vacate the judgment and remand for entry of a judgment of acquittal.