**STATE of Maine**

v.

**Jeffrey ROMAN.**

Supreme Judicial Court of Maine.

Argued Feb. 4, 1993.
Decided March 16, 1993.

William R. Anderson, Dist. Atty., Leane Zainea (orally), Asst. Dist. Atty., Rockland, for the State.

Joanne Kroll (orally), Rockland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Jeffrey Roman appeals from a judgment entered on his conviction of gross sexual

assault in violation of 17–A M.R.S.A. § 253 (Supp.1992), following a jury trial in the Superior Court (Knox County, *Brodrick, J.*). Roman raises five issues on appeal meriting discussion.[1] Roman argues that the trial court committed numerous errors including (1) improperly admitting evidence of prior sexual acts; (2) improperly allowing the State's medical expert to testify in a prejudicial manner; (3) permitting the victim to testify; (4) permitting prosecutorial misconduct during a trial recess; and (5) acting in such a prejudicial manner that his constitutional right to an impartial trial was violated. Finding no error by the trial court, we affirm the judgment.

## I.

### Admission of Evidence of Prior Bad Acts

■ The victim, then eight years of age, was left in her parents' apartment in Rockland with the defendant alone when the acts giving rise to Roman's prosecution occurred. At trial, after the victim had testified to these events, and over Roman's objection, the State was permitted to introduce evidence of prior sexual acts between Roman and the victim. The admission in evidence of prior bad acts is within the discretion of the trial court. Accordingly, on appeal, we review the court's decision for an abuse of that discretion. *State v. Dean*, 589 A.2d 929, 933 (Me.1991); *State v. Quellette*, 544 A.2d 761, 763 (Me.1988).

■ Rule 404(b) of the Maine Rules of Evidence provides that: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." M.R.Evid. 404(b). Such evidence is admissible, however, when offered for other purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *State v. DeLong*, 505 A.2d 803, 805 n. 1 (Me.1986) (quoting M.R.Evid. 404(b) advisers' note).

■ As we have said on numerous occasions, evidence of prior uncharged acts of sexual contact between the accused and the victim may be admissible if probative of relationship, opportunity, motive, and preparation. In *State v. DeLong*, 505 A.2d at 805, we stated that "[f]or more than a century our case law has declared that evidence of a defendant's prior or subsequent sexual relations with a victim is admissible to show the relationship between the parties or the intent of the defendant." *See id.* (citing long list of cases dating back to 1881).[2] Nevertheless, "[e]vidence of prior conduct, otherwise probative and relevant, may still be excluded in the discretion of the trial court under M.R.Evid. 403 if its probative value is substantially outweighed by its prejudicial effect." *State v. Giovanini*, 567 A.2d 1345, 1346 (Me.1989) (citing *Boone*, 563 A.2d at 376, and *DeLong*, 505 A.2d at 806).[3]

---

1. We reject at the outset Roman's claim that his conviction is not supported by sufficient evidence. Based on the evidence introduced at trial, viewed in the light most favorable to the State, the jury could find beyond a reasonable doubt every element of the offense charged. *State v. Barry*, 495 A.2d 825, 826 (Me.1985).

2. *See, e.g., State v. Rubino*, 564 A.2d 59, 61 (Me.1989) (holding evidence of out-of-state instances of abuse admissible in child sexual abuse case to show intent, opportunity and relationship between defendant and victim); *State v. Boone*, 563 A.2d 374, 376 (Me.1989) (holding evidence of past uncharged instances of offensive conduct admissible to show intent and relationship); *State v. Young*, 560 A.2d 1095, 1096 (Me.1989) (holding that past instances of physical contact between parties in sexual assault case admissible to show relationship, intent, opportunity, and defendant's attraction to alleged

victim); *State v. Ouellette*, 544 A.2d 761, 763 (Me.1988) (holding evidence of past uncharged sexual encounters admissible in child sexual abuse case to show relationship between defendant and alleged victim); *State v. Whiting*, 538 A.2d 300, 302 (Me.1988) (holding evidence of prior uncharged touchings admissible in unlawful sexual conduct case to show motive, intent and opportunity). *See generally* Field & Murray, *Maine Evidence* § 404.5 at 4–49 (1992) (for discussion of admissibility of other crimes, wrongs, acts in sex abuses cases).

3. M.R.Evid. 403 provides that:
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

■ Turning to the present case, the evidence of prior sexual acts between Roman and the victim was probative of "the relationship between the parties that in turn sheds light on [Roman's] motive (i.e., attraction toward the victim), intent (i.e., absence of mistake), and opportunity (i.e., domination of the victim) to commit the crimes with which he was charged." *State v. DeLong*, 505 A.2d at 806 (citations omitted). Further, Roman has failed to demonstrate any abuse of discretion by the court in its application of the balancing test of M.R.Evid. 403. As we said in *State v. Wallace*, 431 A.2d 613, 616 (Me.1981),

> [t]he presiding justice has broad discretion in ruling on the admissibility of evidence challenged as unfairly prejudicial; review of such rulings focuses on whether there was an abuse of discretion.

*Id.* (citing *State v. Heald*, 393 A.2d 537, 542 (Me.1978)).

■ Roman further argues that the trial court's failure to provide the jury with a limiting instruction on its use of the evidence of prior bad acts violated Rule 404(b) of the Maine Rules of Evidence by allowing the jury to consider it as evidence of Roman's character and, further, to determine whether he acted in conformity with that character trait. Since Roman failed to object to the jury instructions at trial and, further, failed to request a limiting instruction with regard to its use, we review the charge for obvious error. *See* M.R.Crim.P. 52(b); *State v. Goodrich*, 432 A.2d 413, 416 (Me.1981); *see also* Field & Murray, § 105.2 at 1–47 ("It is the obligation of counsel to request the limiting instruction").[4]

We remind the trial court as we did in *State v. Giovanini*, 567 A.2d 1345, 1346 (Me.1989) that evidence of prior acts is admissible only if it is probative and, in the discretion of the trial court, only if its probative value is not substantially outweighed by the danger of unfair prejudice.

4. After the court charged the jury, a sidebar conference was held so that the lawyers could "ask for additional or amended instructions." The only comment made by defense counsel was:

■ In *State v. Gifford*, 595 A.2d 1049 (Me.1991), *cert. denied* — U.S. ——, 112 S.Ct. 893, 116 L.Ed.2d 795 (1992), we were faced with the identical issue in another prosecution for gross sexual misconduct. In that case, we disposed of the issue by noting the following:

> Defendant does not dispute that the evidence of prior and other bad acts was admissible. *See State v. DeLong*, 505 A.2d 803, 805 (Me.1986). Instead, for the first time on appeal, defendant argues that the court's failure to give *sua sponte* a limiting instruction concerning the permitted purpose of the evidence was obvious error affecting substantial rights. We disagree. Although a limiting instruction should be given when evidence of prior and other bad acts is admitted, the failure to do so here was not obvious error.

*Id.* at 1052. Similarly, in the present case, the court's failure to provide a limiting instruction may not be deemed obvious error. Furthermore, in the absence of a request to the court to provide a limiting instruction, "we can assume that counsel concluded that a limiting instruction would have overemphasized the importance of the evidence and decided to forego the request for strategic reasons." *State v. Rogers*, 389 A.2d 36, 38 (Me.1978).

## II.

### Admission of Expert Testimony

■ Roman contends that the trial court erred in admitting, over objection, a portion of the testimony of the State's expert, Dr. Lawrence Ricci, asserting that the testimony of Dr. Ricci that the injury to the victim was consistent with the use of a

The only thing I might add is if you would, along with telling the jury they shouldn't be listening to you, they shouldn't try to garner any secret messages from you. I would like you to adjust—because the number of objections that were made and/or sustained or overruled has no bearing on who was right or who was wrong. They need to listen to the evidence.

The trial justice then clarified that point and asked "Anything else?" In response, defense counsel said "no" and the jury retired for its deliberations.

penis or adult digit, although relevant, should have been excluded pursuant to M.R.Evid. 403 because the emotional impact of the testimony was extremely prejudicial to Roman.

"The trial court has broad discretion in determining whether the probative value of evidence is outweighed by the risk of unfair prejudice ...." M.R.Evid. 403 advisers' note. See Field & Murray, § 403 at 4–13. The court, in the present case, did not abuse its discretion in admitting Dr. Ricci's testimony regarding the type of object that may have penetrated the victim. Rule 702 of the Maine Rules of Evidence provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." M.R.Evid. 702. Rule 704 further states that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." M.R.Evid. 704. Dr. Ricci's testimony that the victim's injury was consistent with injuries caused by a penis or adult digit was relevant and probative of the act for which Roman was charged, namely, penile-vaginal contact with an eight year-old.

In *State v. Hebert*, 480 A.2d 742, 749 (Me.1984), we concluded that it was not an abuse of the trial court's discretion to allow a physician to express his opinion that the ragged edges of the victim's hymen and enlarged opening of the introitus were consistent with tearing causing bleeding and with past sexual activity. *Id.* We noted that "[i]t is well-established that an expert need not be able to state his opinion with any special degree of certainty. The degree of certainty goes to the weight and not the admissibility of the evidence." *Id.* (citations omitted). See Lipez, *The Child Witness in Sexual Abuse Cases in Maine: Presentation, Impeachment, and Controversy*, 42 Me.L.Rev. 283, 304–07 (1990) (for discussion of use of expert testimony to corroborate testimony of child witness).

Similarly, the court's admission of Dr. Ricci's testimony in the present case was not an abuse of discretion.

## III.

### Competency of the Victim

Roman argues that the trial court committed reversible error by permitting the victim to testify at trial asserting that the court's failure to conduct a voir dire examination of the victim prior to her testimony was erroneous.

Rule 601 of the Maine Rules of Evidence is the controlling authority for determining the competency of a witness. It provides, in pertinent part:

**(a) General Rule of Competency.** Every person is competent to be a witness except as otherwise provided in these rules.

**(b) Disqualification of Witness.** A person is disqualified to be a witness if the court finds that (1) the proposed witness is incapable of expressing himself concerning the matter so as to be understood by the judge and jury either directly or through interpretation by one who can understand him, (2) the proposed witness is incapable of understanding the duty of a witness to tell the truth, (3) the proposed witness lacked any reasonable ability to perceive the matter or (4) the proposed witness lacks any reasonable ability to remember the matter....

M.R.Evid. 601.

A child of any age is presumed competent to testify as a witness unless disqualified under Rule 601(b). *See State v. Hussey*, 521 A.2d 278, 280 (Me.1987) (contrasting current law with pre-existing law). Although the trial court held no competency hearing, it did have the opportunity to listen to and evaluate the competency of the victim during her testimony. *See State v. Clark*, 488 A.2d 1376, 1378 (Me. 1985). Contrary to Roman's contention, there is nothing in the record which would indicate that the victim was not competent to testify. *See State v. Murray*, 559 A.2d 361, 362 (Me.1989) (in holding five year-old

sex abuse victim competent to testify, Court relied on child's statements that "she knew what lies were and that those who told them were punished"). Thus, we find no error. *See, e.g., State v. Sabattis,* 602 A.2d 671, 671 (Me.1992) (fourteen year-old sexual abuse victim competent to testify); *State v. Woodburn,* 559 A.2d 343, 346–47 (Me.1989) (eight year-old child victim competent to testify); *Hussey,* 521 A.2d at 280–81 (three year-old child victim competent to testify); *Clark,* 488 A.2d at 1378 (child victims competent to testify).

## IV.

### Prosecutorial Misconduct

■ Roman's next allegation of error arises from the State's questioning of the victim on direct examination. First, Roman contends that the trial court erred in permitting the State to continue to ask questions of the victim after she repeatedly stated: "I don't know" or "I can't remember." Second, Roman asserts that the court should have excluded any testimony heard after a brief recess, during which, Roman urges, the State told the victim what to say.

■ With regard to Roman's contention concerning the victim's pre-recess testimony, while it is true that she did fail repeatedly to remember certain parts of the night in question, it cannot be said that the trial court abused its discretion in permitting the State to continue examining her. First, "a trial [j]ustice enjoys broad discretion in determining the scope of a minor prosecutrix's examination." *State v. Kingsbury,* 399 A.2d 873, 875 (Me.1979) (citing *State v. Dorathy,* 132 Me. 291, 170 A. 506 (1934)). Second, the State is accorded much latitude in attempting to elicit relevant testimony from a child witness. For example, "[i]n embarrassing sex crimes, where a child would be hesitant to testify, leading questions may be particularly appropriate." *State v. Moore,* 377 A.2d 1365, 1366 (Me.1977) (citing *Antelope v. United States,* 185 F.2d 174, 175 (10th

Cir.1950)). Finally, "[i]f a question is proper in form and substance, a prosecuting attorney is free to persist in his inquiry until he receives a complete answer." *Moore,* 377 A.2d at 1366.

In *State v. Murray,* 559 A.2d 361 (Me. 1989), the defendant similarly argued that the State's persistent questioning of the child victim prejudiced the jury. In that case, the child victim was initially unwilling to respond to questions about the sexual abuse, indicating that she could not remember what had happened. She even, on occasion, denied that the defendant had molested her at all. Later in her testimony, she eventually stated that the defendant had, in fact, abused her. *See id.* at 362. Although this Court found the child's testimony in *Murray* "troublesome," it refused to find any trial error, and held that "[t]he responsibility for weighing that testimony resides with the jury." *Id.* (citing *State v. Fischer,* 238 A.2d 210, 212 (Me.1968)).

Unlike the facts in *State v. Murray* and *State v. Sanders,* 460 A.2d 591 (Me.1983), on which Roman heavily relies, the victim's testimony in this case was internally consistent throughout the entire course of both her direct and cross-examinations. Significantly, the victim never denied that Roman sexually abused her. Accordingly, the trial court did not abuse its discretion in allowing the questioning to continue.

■ Neither did the court err in granting the State's request to take a recess, nor in refusing to exclude the victim's post-recess testimony. There was nothing substantively different from her testimony prior or to the recess. The State was obviously successful in its attempt to calm down and relax the victim, the very purpose for which the court granted the State's request for a recess.[5]

## V.

### Judicial Misconduct

We have reviewed Roman's contentions that the trial court acted in a prejudicial manner, depriving him of his constitutional

---

5. In response to the State's request for a recess, and over Roman's objection, the court stated "She is a very young child. She is scared. I'm

going to take a recess. Don't get anymore leading than you already have are [sic]."

and statutory right to an impartial and fair trial.[6] Roman's claims in some instances are unfounded. Other contentions concerning the court's prejudicial conduct as being directed at Roman's counsel are insufficiently supported in the record. *See State v. Kneeland*, 552 A.2d 4, 5 (Me.1988) (appellant has burden to insure that record is adequate to allow effective review by appellate court of claims of error or abuse of discretion). Accordingly, Roman's rights to a fair and impartial trial were not violated.

The entry is:

Judgment affirmed.

All concurring.

**6.** Article I, § 6 of the Maine Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall have a right ... [t]o have a speedy, public and impartial trial...."

The sixth amendment to the United States Constitution provides, in part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed ...."

14 M.R.S.A. § 1105 (1980) provides, in pertinent part, that "the presiding justice ... shall not, during the trial, including the charge, express an opinion upon issues of fact arising in the case, and such an expression of opinion is sufficient cause for a new trial...."