STATE of Maine

v.

Darrell J. SPOONER.

Supreme Judicial Court of Maine.

Submitted on briefs Oct. 2, 1995.

Decided Oct. 19, 1995.

Neale T. Adams, District Attorney, Carrie D. Linthicum, Assistant District Attorney, Presque Isle, for State.

John D. McElwee, Caribou, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Pursuant to 15 M.R.S.A. § 2115–A (1980 & Supp.1994), the State appeals from a judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) granting Spooner's motion for a new trial pursuant to M.R.Crim.P. 33 following a trial at which a jury found him guilty of gross sexual assault, 17–A M.R.S.A. § 253 (1983 & Supp.1994), and unlawful sexual contact, 17–A M.R.S.A. § 255 (1983 & Supp.1994). Because we agree with the State's contention that the trial court erred in finding that the testimony of the complaining juvenile witness was so unreliable that a jury acting rationally could not avoid having a reasonable doubt as to Spooner's guilt, we vacate the judgment.

In January 1993, Spooner was indicted on one count of gross sexual assault and one count of unlawful sexual contact. Spooner pleaded not guilty to both counts. At the close of the State's case-in-chief, Spooner moved for a judgment of acquittal pursuant to M.R.Crim.P. 29. The court denied the motion. At the close of all of the evidence, Spooner renewed his motion for a judgment of acquittal. The court took the motion under advisement. Guilty verdicts on both counts were returned by the jury against Spooner.

■ Spooner filed a timely motion for a new trial, including a motion for a judgment of acquittal pursuant to M.R.Crim.P. 33 and M.R.Crim.P. 29(b). The trial court granted Spooner's motion for a new trial, finding "the testimony of [the] complaining juvenile witness ... [to be] contradictory, unreasonable or incredible." The State appeals from that order, which we view as an entry of a judgment of acquittal.[1]

At the trial the victim, Spooner's eleven-year-old step-daughter, testified she was subjected to numerous incidents of sexual abuse by Spooner during the period between the fall of 1990 through the spring of 1992 at her family's apartment in Mapleton.[2] In his defense, Spooner presented several witnesses, including the victim's mother, school principal, and counselor, all of whom testified that the victim's reputation for veracity in the community was poor. The victim's mother and a family friend testified that the victim once stated that she believed she could avoid having to live in a foster home by making similar accusations about a foster parent as she had made about Spooner.

Although the jury found Spooner guilty on both counts, the trial court concluded, based on the "flaws and inconsistencies evident in ... [the victim's] story," that the verdicts were unwarranted. The court noted that the victim's testimony, "although cogent at times, was seriously inconsistent with prior statements that she had made and with certain testimony of other witnesses." As evidence, the court made reference to a number of prior conflicting statements made by the victim to a school counselor, Department of Human Services caseworkers, a state police detective, family members, and friends.

■ We review the grant of a motion for a judgment of acquittal after the trial and a verdict of guilty in the same manner as the trial court views the motion: whether, viewing the evidence as a whole from the standpoint most favorable for the State, the jury rationally could not avoid having a reasonable doubt as to the defendant's guilt. *State v. Howes*, 432 A.2d 419, 424 (Me.1981); *see also State v. Barry*, 495 A.2d 825, 826 (Me. 1985) (view evidence in light most favorable

1. Because the trial court concluded that the evidence was insufficient to support the verdicts of guilty, the proper entry was for a judgment of acquittal, and not the grant of a new trial. *See State v. Howes*, 432 A.2d 419, 422 & n. 3 (Me. 1981). Moreover, the State's appeal from a judgment of acquittal entered following verdicts of guilty is contemplated by 15 M.R.S.A. § 2115–A (1980 & Supp.1994). *Id.* at 422–24.

2. The victim's testimony at the trial recounted that Spooner would periodically enter her bedroom at night while her mother was away at work and fondle her privates or expose his genitals. Also alleged in the victim's trial testimony were incidents when Spooner forced oral and anal sex on her. The victim further testified that Spooner threatened that she would go to a "bad place" and the family would "split apart" if she told anyone about the abuse.

to State to determine if factfinder rationally could have found beyond a reasonable doubt every element of crime charged).

■ In approaching the issue of the sufficiency of evidence to support a jury verdict as a matter of law, we do not defer to the trial court's determination, but do accord great deference to the findings of a properly instructed jury acting on competent evidence without a suggestion of misconduct. *State v. Harrington,* 440 A.2d 1078, 1079 (Me.1982). Moreover, we will not substitute our judgment as to the weight and credibility of the evidence for that of the jury. *State v. Tait,* 483 A.2d 745, 746 (Me.1984) (citing *State v. Smith,* 456 A.2d 1 (Me.1983)).

We recently affirmed a conviction for gross sexual misconduct based on the testimony of a five-year-old victim. *State v. Murray,* 559 A.2d 361 (Me.1989). In that case, the victim initially was reluctant to answer questions relating to sexual abuse. At first she stated that she could no longer remember the incidents, later denied that the defendant had molested her, then stated that the defendant had, in fact, been the source of abuse. *Id.* at 362. We held that such inconsistencies went to the credibility, not the competency, of the witness and placed responsibility for the weighing of the evidence with the jury. *Id.* (citing *State v. Fischer,* 238 A.2d 210, 212 (Me.1968)).

■ Spooner emphasizes that there was evidence that the victim has a reputation for untruthfulness and that she recanted allegations when interviewed by a state police detective. Inconsistencies in a witness's testimony do not inherently make evidence unreliable or insufficient to support a guilty verdict. *State v. Anderson,* 434 A.2d 6, 8 (Me. 1981) (citing *State v. Heald,* 367 A.2d 1372, 1374 (Me.1977)). It is the role of the factfinder to resolve such inconsistencies and conflicts in the testimony of a witness. The court may not substitute its judgment for that of the jury "in whose exclusive province it is to judge the credibility of witnesses and to determine the weight to be given inconsistent testimony." *Id.; see also State v. McFarland,* 369 A.2d 227, 229 (Me.1977) (discrepancies and inconsistencies in testimony of alleged victim resolved by jury).

■ Spooner also points to the fact that the victim's testimony was uncorroborated by other witnesses and evidence. Yet a victim's uncorroborated testimony, absent a showing that it was "inherently improbable or incredible or failing the test of common sense," will be sufficient to support a conviction. *State v. Pelletier,* 534 A.2d 970, 972 (Me.1987) (citing *State v. True,* 438 A.2d 460, 471 (Me.1981)). The victim's testimony in this case, despite being somewhat contrary to statements made in interviews outside of court, is not sufficiently unreasonable or incredible as to require that the jury's findings be set aside. *Id.* (citing *State v. Pierce,* 438 A.2d 247, 252 (Me.1981)).

The primary basis for the trial court's grant of Spooner's motion was that the victim's testimony was inconsistent with prior statements made by her *outside* of court and with certain testimony of *other* witnesses. The victim's trial testimony, however, did not substantially change, *see State v. Sanders,* 460 A.2d 591, 593 (Me.1983), nor is it alleged that the victim was subjected to improper coercion while testifying at the trial, *see Murray,* 559 A.2d at 363.

The victim offered detailed descriptions of repeated acts of sexual abuse perpetrated by Spooner. She also offered an explanation as to why she recanted her prior disclosure of sexual abuse. On cross-examination, she admitted that she had lied about topics in the past but maintained her allegations of abuse on the part of Spooner. The victim also denied having told her mother that she could avoid placement in a foster home by levelling accusations against others similar to the ones she had made against Spooner. Moreover, unlike the facts in *Murray* or *Sanders,* the victim's testimony was consistent throughout both direct and cross-examinations. She never denied at the trial that Spooner had abused her. In addition, there was testimony from the victim's former foster parent relating prior conversations she had with the victim in which abuse by Spooner was recited in detail.

An examination of the record reveals evidence sufficient to support a judgment of conviction. A jury acting rationally could have found the victim's incriminating testimony credible despite the inconsistencies. The evidence, assessed most favorably for the State, could convince a rational factfinder of Spooner's guilt beyond a reasonable doubt.

The entry is:

Judgment vacated. Remanded for entry of judgments of conviction and for sentencing.

All concurring.