STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-097

*A - YOI - 3|...| ( '*

MAINE INSURANCE GUARANTY
ASSOCIATION,

Plaintiff

v.

**ORDER AND DECISION**

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY
and SEACOAST CRANE CO., INC.,

Defendants

The Maine Insurance Guaranty Association has filed a complaint for declaratory judgment against North American Specialty Insurance Company and Seacoast Crane Co., Inc. of Alfred, Maine, concerning a commercial construction contract involving the furnishing and erecting of a metal building in Seabrook, New Hampshire, for a company known as DCC Development Corporation. Seacoast has filed its own counterclaim for declaratory judgment and a cross-claim for declaratory judgment. The Guaranty Association has filed a motion for summary judgment and Seacoast has filed a cross-motion for summary judgment on its counterclaim.

DCC Development Corporation entered into a contract with Seacoast for the furnishing and erecting of a metal building in Seabrook, New Hampshire. As part of that contract a performance bond and a payment bond were obtained from the defendant North American acting as a surety. Seacoast entered into a subcontract agreement with a company called H. L. Smith, Inc. of North Hampton, New Hampshire, for specified site work. That contract was subject to a subcontract

performance and payment bond with Amwest Surety Insurance Company of Woodland Hills, California, along with a general indemnity agreement.

Problems arose and DCC brought suit in the Rockingham County, New Hampshire Superior Court against North American and Seacoast. Seacoast filed a separate suit against Smith and Amwest. The cases were consolidated and the court found that Seacoast was liable and that Smith was required to indemnify it for problems with the parking lot at the DCC project. Normally the parties would look to Amwest as a surety. However, Amwest is insolvent pursuant to a Nebraska court order and, according to counsel, will remain so. The Guaranty Association believes that it has no duty to assume the obligations of Amwest as North American has paid under its bond.

There are two closely related questions in this suit. Is the Guaranty Association obligated to make a payment? Is Seacoast obligated to repay North American? The answers are both no.

The Maine Insurance Guaranty Association is governed by Maine statutes found at 24-A M.R.S.A. §§ 4431-*et seq.* which are based on a national model act created "...to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer ..." 24-A M.R.S.A. §4432. The Maine Insurance Guaranty Association Act applies to "surety insurance." 24-A M.R.S.A. §4433(1)(B).

"Covered claim" is defined as "an unpaid claim ... arising under and within the coverage and applicable limits of a policy of a kind of insurance referred to in section 4433... 'Covered claim' does not include any amount due any insurer ... as subrogation recoveries or otherwise ..." 24-A M.R.S.A. §4435(4).

2

"Insurer" for Guaranty Association purposes has the same meaning as the general Maine Insurance Code definition, see 24-A M.R.S.A. §4435(8), which is defined at 24-A M.R.S.A. §4 as including "every person engaged as principal and as indemnitor, surety or contractor in the business of entering into contracts of insurance." "Insurance" is further defined to include surety contracts, 24-A M.R.S.A. §3.

Under Maine law the Guaranty Association has an obligation to pay "covered claims" subject to specified procedures and limitations. 24-A M.R.S.A. §4438. The Guaranty Association's duty is limited to paying only "covered claims."

The Guaranty Association is correct when it asserts that it is not obligated to pay. It has no obligation to DCC as DCC has been paid by North American. See 24-A M.R.S.A. §4443(1). It has no obligation to North American as any claim by North American against the Guaranty Association, because of the insolvency of Amwest, would not be a "covered claim" as "covered claims" exclude any amount due an insurer, including a surety such as North American. It has no obligation to Seacoast as North American has paid the claim.

North American, which cannot recover from the Guaranty Association directly, cannot recover from Seacoast because of the insolvency of Amwest. See 24-A M.R.S.A. §§ 4435(4) and 4443(1) which states, "Any person having a claim against any insurer under any provision in an insurance policy, other than that of an insolvent insurer, which is also a covered claim, shall be required to exhaust first the person's right under the policy. Any amount otherwise payable on a covered claim under this subchapter shall be reduced by the amount of any recovery under the insurance policy." Also see *Pinkham v. Morrill*, 622 A.2d 90, 95 (Me. 1993).

Had Amwest been solvent it should have paid the claim for the poor site work by Smith. The Maine Insurance Guaranty Association Act was designed to protect DCC

3

as the damaged party, protect Seacoast because it lost the benefits of the Amwest bonds, and to protect the Guaranty Association and the public that ultimately pays premiums to fund the Guaranty Association when other insurance is available. If Seacoast had to pay North American the holding in *Pinkham* would be violated and the carefully crafted purposes of the Act would be frustrated. It is unfortunate that North American must pay and not be able to be reimbursed because Smith did poor quality work and Amwest became insolvent. However, as a solvent insurer it has a responsibility for these claims that cannot be passed on to anyone else.

Any attempt by North American to argue that it has separate common law or contractual rights that can be used to defeat the Act's requirements fail. It cannot escape the Act's extensive reach and it cannot successfully argue that, as it is seeking funds from Seacoast and not the Guaranty Association, the Act does not apply.

The entries are:

The plaintiff's motion for summary judgment is granted.

Defendant Seacoast's cross-motion for summary judgment on its counterclaim is denied.

Defendant Seacoast's cross-claim against North American is dismissed as moot.

Neither the Maine Insurance Guaranty Association nor Seacoast Crane Co., Inc. are obligated to pay North American Specialty Insurance Company because of the judgment in cases 00-C-868 and 01-C-130 from the Rockingham County, New Hampshire Superior Court.

David Ray, Esq. - PL; Joseph C. Tanski, Esq. - PL (Pro Hac Vice)

Dated:       March 22, 2006

Francis X. Quinn, Jr., Esq. - Def. Seacoast Crane Co., Inc.
Cyrus F. Rilee, III, Esq. - (Pro Hac Vice)
John P. Giffune, Esq. - Def. North
American Specialty Insurance Company
Daniel Rosenthal, Esq. - Def. North
American Specialty Insurance Company
Bradford R. Carver, Esq. - (Pro Hac Vice) - Def. North American Specialty Ins. Co.
Eric H. Loeffler, Esq. - (Pro Hac Vice) - Def. North American Specialty Ins. Co.

Paul A. Fritzsche
Justice, Superior Court

4