STATE of Maine

v.

Daniel HENDERSON.

Supreme Judicial Court of Maine.

Argued Sept. 18, 1981.

Decided Oct. 19, 1981.

David W. Crook, Dist. Atty. (orally), J. Michael Talbot, Asst. Dist. Atty., Skowhegan, for plaintiff.

Law Offices of Burton G. Shiro, Burton G. Shiro (orally), Waterville, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, CARTER and VIOLETTE, JJ., and DUFRESNE, A.R.J.

VIOLETTE, Justice.

On December 17, 1980, defendant Daniel Henderson was convicted after a jury trial in Superior Court, Somerset County, of arson with the intent to collect insurance proceeds in violation of 17-A M.R.S.A. § 802(1)(B).[1]  On appeal, defendant contends that, by reason of a prior trial, he has been twice in jeopardy in violation of the double jeopardy clauses of the Maine and United States Constitutions.  Defendant also suggests that there was insufficient evidence to support his conviction.  We affirm the judgment of conviction.

The defendant was indicted on June 12, 1978 for arson for the burning of his own truck with the intent to collect insurance proceeds.  On December 6, 1978, defendant was tried in Superior Court, Somerset County, before a jury.  After deliberating approximately an hour and ten minutes, the jury sent the trial judge a note signed by the foreperson reading "We cannot come to a decision.  With (6) guilty, (4) innocent, (2) undecided."  The judge called the jury into the courtroom and instructed them, using the ABA model instructions, on their duty to attempt to reach a verdict.  The jury then retired, returning again over an hour later after sending the judge a second note saying "Deadlocked".  In response to this note, the presiding justice asked the foreperson: "I take it from this that there is no possibility of reaching a unanimous decision without compressing or violating standards; your positions are such that there is no way to resolve differences.  Is my understanding correct?"  The foreperson replied "Yes".  The judge stated that there was manifest necessity that he declare a mistrial, and dismissed the jury.

Prior to defendant's second trial, he moved to dismiss the indictment on the basis of double jeopardy.  After a hearing in Superior Court, the motion was denied.  The second trial was held on December 17, 1980 and resulted in a conviction for arson.

---

1.  17-A M.R.S.A. § 802 provides in pertinent part:

§ 802.  Arson

1.  A person is guilty of arson if he starts, causes, or maintains a fire or explosion;

A.  On the property of another with the intent to damage or destroy property thereon;  or

B.  On his own property or the property of another

(1) with the intent to enable any person to collect insurance proceeds for the loss caused by fire or explosion;  or

(2) in conscious disregard of a substantial risk that his conduct will endanger any person or damage or destroy the property of another.

Defendant timely appealed the denial of his motion to dismiss and the judgment of conviction.

## I.

Retrial of a defendant is not necessarily barred when the first trial was terminated because the jury could not reach a verdict. *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824). If the mistrial was ordered because of a manifest necessity, then retrial does not offend the prohibition against placing the defendant twice in jeopardy. *Id.; State v. Linscott*, Me., 416 A.2d 255 (1980). A mistrial based on the trial justice's finding that the jury is unable to reach a verdict is the classic instance of manifest necessity. *Arizona v. Washington*, 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717, 730 (1978).

The trial judge has broad discretion to decide when a mistrial is appropriate and his decision must be awarded great deference by an appellate court. *State v. Linscott, supra*, at 260; *Arizona v. Washington, supra*. Our review of the issue presented by defendant is necessarily limited to determining whether in light of all the circumstances evident on the record the trial justice erred in finding that the mistrial was manifestly necessary. If we determine that the mistrial was properly declared, then retrial is not barred and the conviction must stand (absent other grounds).

This case falls within the guidelines articulated by this court in *State v. Linscott, supra*, for deciding when a mistrial was properly granted. In *Linscott*, the jury deliberated less than two hours, reported an inability to reach a verdict, and was dismissed by the trial judge who found that a mistrial was appropriate without making any inquiry of the jury. We found that under those circumstances manifest necessity to grant a mistrial had not been demonstrated, and that therefore Linscott's second trial had placed him twice in jeopardy in violation of our state and federal constitutions. *Id.* at 261.

While we recognize that the trial justice in this case did not question each juror individually, we find that there was a sufficient inquiry under the standards of *Linscott*. It was not error to find that the jury was genuinely deadlocked and thus he properly ruled that there was a manifest necessity to declare a mistrial and discharge the jury. Since we find the mistrial to be proper, the defendant's argument that he was twice placed in jeopardy must fail.

## II.

Defendant also argues that conflicts in the evidence and alleged bias on the part of a state's witness rendered the evidence insufficient to support the conviction. This court has stated that a criminal conviction will not be set aside because of insufficient evidence unless " 'no rational trier of fact could [find] proof of guilt beyond a reasonable doubt.' " *State v. Lagasse*, Me., 410 A.2d 537, 542 (1980), *quoting Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979).

Our review of the record in this case reveals adequate evidence to support the judgment of conviction. The state presented substantial evidence indicating that the fire was of an incendiary origin and the defendant admitted that he was at the scene when the fire started. An eyewitness testified that, immediately prior to seeing flames, he saw the defendant throw lit matches and a hat full of liquid into the truck. Other witnesses testified that the eyewitness could not have been present when the fire began. On appeal, the court will leave questions of credibility of witnesses to the jury. *State v. Anderson*, Me., 434 A.2d 6 at 8 (1981). We cannot disturb the jury's rational decision resolving the evidence against the defendant.

The entry must be:

Appeal denied.

Judgment affirmed.

All concurring.