**STATE of Maine**

**v.**

**Eugene COFFEN.**

Supreme Judicial Court of Maine.

Argued Jan. 12, 1987.

Decided Feb. 5, 1987.

Paul Aranson, Dist. Atty., Laurence Gardner, Asst. Dist. Atty., Michelle Lataille (orally), Law Student Intern, Portland, for plaintiff.

Brunette, Shumway, Romanow & Ryer, Richard Romanow (orally), Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Defendant Eugene Coffen appeals from a conviction of one count of unlawful sexual contact in violation of 17–A M.R.S.A. § 255(1)(C) (1983) following a jury trial (Cumberland County). Defendant contends the trial court erred in refusing to allow him to present witnesses who were to testify to his reputation for truth and veracity. We find no error and affirm the judgment of conviction.

At defendant's trial, the State's primary witness was the thirteen year old victim of the alleged crime. The State presented five additional witnesses who corroborated her version of the facts. At no point did the State challenge defendant's truthful

character. During defendant's case-in-chief, defendant testified on his own behalf. At the end of his testimony, he attempted to present witnesses to testify that he had a good reputation for truth and veracity. The trial court disallowed this testimony, ruling that such evidence was admissible only after defendant's character was attacked. No attack had taken place. Defendant contends this ruling was erroneous. We disagree and conclude that M.R. Evid. 608 prohibits the testimony defendant sought to introduce.

 Rule 608(a) states:

Reputation Evidence of Character. The credibility of a witness may be attacked or supported by evidence of reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by reputation evidence or otherwise.

Evidence that a witness has a good reputation for truthfulness cannot be admitted until his character for truthfulness has been attacked. In *State v. Wells*, 423 A.2d 221, 224 (Me.1980), we stated:

[T]he mere fact that a witness' testimony is contradicted by opposing testimony does not warrant the introduction of evidence as to his reputation for truth and veracity. So, where a defendant in a criminal action elects to testify as a witness in his own behalf, and where his credibility is not attacked directly by character evidence for untruthfulness, but is merely placed in jeopardy by reason of the contradiction of his testimony from other witnesses in the case, evidence in support of the defendant's reputation for truth and veracity is not admissible.

In this case, defendant's truthfulness was challenged only because his testimony was contradicted by that of the State's witnesses. Nothing at trial constituted an attack on defendant's reputation for truthfulness. We conclude that the trial justice properly excluded the testimony of those witnesses offered to show defendant's good reputation for truth and veracity.[1]

The entry is:

Judgment affirmed.

All concurring.

---

**1.** On appeal defendant asserts that the evidence was offered pursuant to M.R.Evid. 404(a)(1). The record provides no support for such a claim. In his offer of proof, defense counsel stated unequivocally that the character evidence offered related to reputation for truthfulness and veracity.