**STATE of Maine**

v.

**Robert J.L. WRIGHT.**

Supreme Judicial Court of Maine.

Argued Sept. 10, 1987.
Decided Oct. 9, 1987.

Janet T. Mills, Dist. Atty., Kevin J. Regan (orally), Asst. Dist. Atty., Auburn, for the State.

Robert S. Hark (orally), Isaacson & Raymond, Lewiston, for defendant.

Before McKUSICK, C.J., NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Robert J.L. Wright appeals his conviction in Superior Court, Androscoggin County, of theft by unauthorized taking or transfer, Class C, 17–A M.R.S.A. § 353 (1983). Wright challenges 1) the denial of his motion to dismiss on the ground of former jeopardy; 2) the court's reinstruction of the jury; 3) the sufficiency of the evidence; and 4) the denial of his motion for a new trial based on newly discovered evidence. We affirm the conviction.

Wright owned Camper Country, Inc., an Auburn company that sold and rented new and used campers, trailers and motor homes. In August 1985, a local bank seized the company's inventory and accounts. Subsequently, Wright and his employees conducted the business on a cash basis. Soon after the bank froze the company's accounts, Wright received money from the sale of two vehicles previously

delivered to Camper Country, Inc. on consignment by Pearl Parsons and Eleanor Margerison. Because Parsons and Margerison did not receive the money due them from these consignment sales, the State brought theft charges against Robert Wright. Wright's first trial ended in a mistrial. The trial justice ordered the mistrial after he determined that the jury was unable to reach a verdict. Wright asserts that his second trial violates his constitutional right to be free from double jeopardy. U.S. Const. amend V; Me. Const. art. 1, § 8.

The constitutional prohibition against double jeopardy will not bar retrial of a defendant when it is manifestly necessary to take the case from the jury. *State v. Friel,* 500 A.2d 631, 634 (Me.1985) (citing *State v. Flick,* 495 A.2d 339, 346 (Me. 1985)). We have recognized that a mistrial based on the trial justice's finding that the jury is unable to reach a verdict is "the classic instance of manifest necessity." *State v. Henderson,* 435 A.2d 1106, 1108 (Me.1981) (citing *Arizona v. Washington,* 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978)). The trial justice's determination of manifest necessity is entitled to much deference by the motion justice, especially when, as in the case before us, the State relies solely upon the transcript of the first trial. *Friel,* 500 A.2d at 634. We in turn examine the trial court's finding in order to determine whether the motion justice's deference was appropriate. *Id.*

The record of the first trial clearly shows that the jury was unable to reach a verdict. The jury deliberated for approximately four-and-one-half hours after a trial that lasted less than two days. The jury communicated with the court four times during its deliberations, twice requesting reinstruction on the elements of theft, and twice informing the court that it could not reach a unanimous verdict. After the fourth communication, the court inquired about further deliberation, found that more time would not enable the jury to reach a verdict, and thus determined that the jury was "genuinely deadlocked." *See Arizona v. Washington,* 434 U.S. at 509, 98 S.Ct. at 832. In light of all the circumstances evident on the record, the trial justice did not abuse his discretion in finding that the mistrial was manifestly necessary. *See Henderson,* 435 A.2d at 1108. The hearing justice thus properly denied defendant's motion to dismiss on the ground of former jeopardy.

Wright next challenges the sufficiency of the jury instructions. He concedes that the court's initial instructions to the jury were complete and correct. Wright asserts, however, that when the court reinstructed the jury on the elements of theft, it failed to reinstruct on culpable state of mind. On review, we do not examine the challenged instruction in isolation. Instead, we view the charge to the jury in its entirety. *State v. Dansinger,* 521 A.2d 685, 689 (Me.1987) (citing *State v. Ryder,* 348 A.2d 1, 5 (Me.1975)). In reviewing the entire charge, we conclude there is no possibility that the jury was misled by the court's reinstruction.

Next, Wright challenges the sufficiency of the evidence to support his conviction. Viewing the evidence in the light most favorable to the State, we determine that the jury rationally could have found beyond a reasonable doubt every element of the theft charged. *State v. Barry,* 495 A.2d 825, 826 (Me.1985).

Finally, Wright argues that his motion for a new trial on the ground of newly discovered evidence was improperly denied. The hearing justice determined that the evidence could have been discovered prior to trial in the exercise of due diligence, and that defendant did not satisfy the court that a new trial would probably result in a different verdict. *See State v. Young,* 413 A.2d 161 (Me.1980). As neither of these findings is clearly erroneous, we uphold the denial of the new trial motion. *State v. Collins,* 416 A.2d 732, 733 (Me.1980).

The entry is:

Judgment affirmed.

All concurring.