1997 ME 146

**STATE of Maine,**

v.

**Steven THOMES.**

Supreme Judicial Court of Maine.

Argued June 16, 1997.
Decided July 10, 1997.

Andrew Ketterer, Attorney General, James M. Cameron (orally), Assistant Attorney General, Augusta, for the State.

Steven D. Silin (orally), Berman & Simmons, P.A., Lewiston, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, and RUDMAN, JJ.

RUDMAN, Justice.

[¶ 1] Steven Thomes appeals from the judgments entered in the Superior Court (Cumberland County, *Lipez, J.*) following a jury verdict finding him guilty on two counts of aggravated furnishing of a scheduled drug in violation of 17–A M.R.S.A. § 1105 (1983 & Supp.1996), and two counts of endangering the welfare of a child in violation of 17–A M.R.S.A. § 554 (1983 & Supp.1996), and from the sentences imposed. Thomes contends that: (1) the trial court erred by admitting in evidence statements made by him to the victims, and (2) the sentencing court erred in calculating the appropriate period of incarceration. Finding no obvious error in the record and because Thomes did not address the ground for which his sentence appeal was granted, we affirm the judgments and the sentences imposed on him.

[¶ 2] Based on the evidence offered at the trial, the jury could have found the following facts: During the 1994–95 school year, Steven Thomes was the eighth grade girls basketball coach at Wentworth Middle School in Scarborough. The two victims, both fourteen-year-old girls, were members of his team. During the course of the basketball season, Thomes developed a friendship with the girls and often socialized with them after games. Following the conclusion of a post-season tournament, Thomes continued to socialize with the girls on a regular basis. During these social events Thomes boasted to the girls of his sexual experiences, sexual desires, and his drug use.

[¶ 3] In May and June 1995 Thomes purchased two packs of cigarettes for the girls and provided marijuana cigarettes to one of them. Thomes was later indicted on two counts of aggravated furnishing of a scheduled drug, 17–A M.R.S.A. § 1105 (1983 &

Supp.1996), and two counts of endangering the welfare of a child, 17–A M.R.S.A. § 554 (1983 & Supp.1996). Prior to trial, Thomes filed a motion in limine seeking to exclude testimony of sexually explicit statements he made to the girls, other students and to Detective Mazzone of the Scarborough Police Department. The court granted the motion in part, stating that any testimony of statements made by Thomes concerning his past sexual activity and past drug use must be limited to statements that were made regarding the girls or in their presence. The court determined that the contested statements were relevant to the issue of motive.

[¶ 4] During the trial, Thomes did not object as several witnesses recounted graphic sexual statements made by Thomes to the girls. At the conclusion of trial, the court instructed the jury that it could not consider the sexual statements for the purpose of making a judgment about Thomes's character and then conclude that he acted in conformity with that character. The court further instructed that the sexual statements could only be used for the purpose of considering such issues as motive, preparation and plan with respect to the specific charges before the jury. The jury convicted Thomes on all charges and this appeal followed.

### Admission of Evidence

[¶ 5] Thomes contends that the sexual statements should have been excluded pursuant to M.R. Evid. 404(b) because the statements are evidence of other wrongs that are only relevant to prove his character and to suggest that he acted in conformity with that character. Thomes further argues that the court erred by not excluding the statements pursuant to M.R. Evid. 403 because any probative value of this evidence was substantially outweighed by the danger of unfair prejudice to his case.

[¶ 6] Thomes concedes that his objection to the evidence is unpreserved because trial counsel failed to contemporaneously object to its admission.[1] Nevertheless, he contends

that it is "extremely unfair" that we treat his objection as unpreserved because his motion in limine put both the court and the State on notice that he objected to the evidence. Thomes argues that this court should overrule the line of cases that establishes that our review be for obvious error. We do not accept that argument.

[¶ 7] Despite the fact that Thomes filed a motion in limine to exclude the sexual statements, he did not object at the trial when the statements were offered in evidence. A court cannot evaluate the probative value of contested evidence in a vacuum. By failing to object at the trial, Thomes did not give the court an opportunity to weigh the probative value of the evidence against its potential for unfair prejudice within the context of other evidence addressed at the trial. His attempt to raise this objection on appeal comes too late. Because Thomes's challenge to the court's in limine ruling is not preserved, we must review for obvious error affecting his substantial rights. *State v. Huntley,* 681 A.2d 10, 13 (Me.1996), *cert. denied,* — U.S. —, 117 S.Ct. 702, 136 L.Ed.2d 623 (1997); *State v. Naoum,* 548 A.2d 120, 125 (Me.1988); M.R.Crim. P. 52(b). Accordingly, we will vacate the judgments only if the convictions resulted from a fundamentally unfair trial. *Huntley,* 681 A.2d at 13.

[¶ 8] "Evidence of other crimes or wrongs is not admissible to prove the character of a person to show that he acted in conformity therewith." *State v. Jordan,* 1997 ME 101, ¶6, 694 A.2d 929 (citing M.R. Evid. 404(b))[2]. As we have repeatedly stated, however, "this rule does not prohibit the use of such evidence when offered as 'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *State v. Huntley,* 681 A.2d at 13 (quoting *State v. DeMotte,* 669 A.2d 1331, 1335 n.10 (Me.1996)).

---

1. Thomes was represented by different counsel at trial.

2. M.R. Evid. 404(b) provides:

**Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.

■ [¶ 9] In the instant case, the State offered the sexual statements Thomes made to the victims as evidence that Thomes had a motive to supply the girls with cigarettes and marijuana, i.e., he wanted to seduce one or both of them. Such evidence was relevant and admissible pursuant to Rule 404(b). See *State v. Griffin*, 642 A.2d 1332, 1334 (Me. 1994) (testimony from corrections officer of threats made to a police officer went decisively to the question of the defendant's motive to threaten police officer); *State v. Roman*, 622 A.2d 96, 99 (Me.1993) (evidence of prior uncharged sexual contact with victim probative of defendant's motive, i.e., attraction toward victim); *State v. DeLong*, 505 A.2d 803, 806 (Me.1986) (same); *State v. Leone*, 581 A.2d 394, 400 (Me.1990) (evidence of defendant's failure to report to probation officer and other recent criminal activity properly admitted to show motive to avoid apprehension by law enforcement authorities; highly relevant to circumstances of case where defendant on trial for homicide after shooting and killing police officer); *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1842, 137 L.Ed.2d 1046 (1997) (testimony from female employees concerning sexual relationship with defendant admissible pursuant to Rule 404(b) in fraud prosecution; testimony relevant to show defendant's motive in perpetrating various frauds, i.e., it tended to prove defendant defrauded corporation in order to seek sexual pleasures at no cost to himself).

■ [¶ 10] Moreover, because Thomes's defense was that he did not commit the charged offenses, evidence of his motive was relevant to establish that he and not someone else was the perpetrator.[3] See *State v. Webber*, 613 A.2d 375, 377 (Me.1992) (vandalism evidence was probative on the crucial issue of the identity of the perpetrator of arson and was admitted on that issue to establish that defendant had motive to burn victim's home);

*see also State v. Goodrich*, 432 A.2d 413, 417 (Me.1981) (evidence of prior sexual abuse of daughter not admissible to prove identity of perpetrator when defendant contended that alleged rape did not occur and identity of perpetrator was not at issue). The trial court did not err in determining that the statements were not excludable pursuant to M.R. Evid. 404(b) because the statements were relevant to the issues of motive and identity.

■ [¶ 11] Our inquiry must not end with a determination that the evidence was not excludable pursuant to M.R. Evid. 404(b). Evidence of prior bad acts must still be excluded, even when probative and relevant, if its probative value is substantially outweighed by the danger of unfair prejudice. *State v. Connors*, 679 A.2d 1072, 1074 (Me. 1996); *State v. Nadeau*, 653 A.2d 408, 411 (Me.1995); M.R. Evid. 403.[4] "The mere harmfulness of the evidence to the defendant's case is not what is meant by unfair prejudice." *State v. Joubert*, 603 A.2d 861, 866 (Me.1992). In this context, prejudice is "an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one." *State v. Hurd*, 360 A.2d 525, 527 n. 5 (Me.1976).

■ [¶ 12] Here, the trial court admitted, on several occasions in the State's case-in-chief, Thomes's graphic statements about his past sexual activity as well as his expressed desire to have sexual intercourse with one of the girls. Undoubtedly, this evidence was damaging to Thomes's case. Nevertheless, the court limited the testimony to statements that were made either directly to the two girls or about the girls. The court later provided a limiting instruction to the jury that clarified that the jury could not consider the evidence for the purpose of making judgments about Thomes's character and then further conclude that with respect to the charges he acted in conformity with that

3. Identity of the perpetrator of the charge of furnishing a scheduled drug was at issue in this case. One of the girls testified on cross-examination that she initially told her friends that she got the marijuana from a student who is known to sell drugs in Scarborough.

4. M.R. Evid. 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

**1266**

character. As discussed above, the evidence was relevant and probative of the issues of motive and the identity of the perpetrator of the furnishing charges. While the trial court might have placed stricter limitations on the admission of the testimony, viewed as a whole, the admission of the testimony was not so highly prejudicial as to rise to the level of obvious error. See *State v. Brown*, 552 A.2d 12, 14 (Me.1988) (although evidence not excluded pursuant to Rule 404(b) was unfavorable to defendant, it was relevant and probative on issue of opportunity and was not so prejudicial to rise to level of obvious error).

### *Appeal of Sentence*

█ [¶ 13] We need not address the issue concerning the court's calculation of Thomes's sentence. The Sentence Review Panel granted Thomes's petition for leave to appeal his sentence on the limited ground that he address the order of the sentencing court that he pay $2,230 to defray the cost of an expert witness. Thomes has not preserved this issue because he did not pursue it in his appellate brief. *See Biette v. Scott Dugas Trucking & Excavating, Inc.*, 676 A.2d 490, 494 (Me.1996) (issues that are not briefed are not considered on appeal). Moreover, Thomes cannot now appeal his sentence on new grounds. *See* 15 M.R.S.A. § 2152 (Supp.1996) (no appeal of sentence may proceed before Law Court unless leave to appeal is first granted by Sentence Review Panel).

The entry is:

Judgments affirmed. Sentences affirmed.

