1998 ME 43

**STATE of Maine**

v.

**Gregory POULOS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 8, 1998.

Decided March 4, 1998.

Stephanie Anderson, District Attorney, Julia A. Sheridan, Asst. Dist. Atty., Portland, for State.

Karen L. Morgan, Daniel G. Lilley Law Offices, P.A., Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant Gregory Poulos appeals from judgments of conviction entered in the Superior Court (Cumberland County, *Crowley, J.*) on jury verdicts finding him guilty of four counts of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (1983 & Supp.1997).[1] Defendant contends that the court erred in admitting evidence of uncharged conduct and in excluding evidence of his reputation for truthfulness and veracity. He also contends that the court erred in refusing to give his

---

1. The statute provides in relevant part:

 1. A person is guilty of unlawful sexual contact if the person intentionally subjects another person to any sexual contact, and;

 . . .

 c. The other person, not the actor's spouse, has not in fact attained the age of 14 years and the actor is at least 3 years older.

 17–A M.R.S.A. § 255(1)(C) (1983 & Supp.1997).

requested jury instructions. Finding no error, we affirm the judgments.

[¶ 2] The facts may be summarized as follows: In 1991, defendant married a woman who had two young daughters from a prior marriage. The younger of the two daughters testified that two to three months after she and her sister moved into defendant's home, he pulled her onto his lap and touched her genitals through her clothing. She testified that defendant touched her on other occasions and that once he had unsuccessfully attempted to insert his finger in her vagina. The older daughter testified that six months after moving into defendant's home, he was roughhousing with her when his hand hit her genitals. Although at first she thought it was an accident, after it happened several times, she concluded defendant was intentionally touching her. Both girls lived with defendant for three years before their mother and defendant separated. The girls' first accusations were made two years after they moved out of his house. Defendant testified and denied that he had ever touched them inappropriately. The jury convicted defendant on all four counts and he now appeals.

 [¶ 3] Defendant first argues that the court erred in denying his motion in limine to exclude evidence of uncharged conduct; namely incidents of unlawful sexual contact with the girls, other than the four incidents charged in the indictment. Because defendant failed to renew his objection to the evidence when offered at trial, the issue is unpreserved. *See State v. Thomes*, 1997 ME 146, ¶ 7, 697 A.2d 1262, 1264 (rejecting argument that motion in limine put the court on notice of objection and thus preserved the issue). Accordingly, we will vacate the judgment only if the conviction results from a fundamentally unfair trial. *Id.*

 [¶ 4] Pursuant to M.R. Evid. 404(b),[2] evidence of other crimes or wrongs is inadmissible to show that the person acted in conformity therewith, but we have repeatedly held that the evidence may be admissible if offered to prove motive, opportunity, intent, or plan. *State v. Thomes*, 1997 ME 146, ¶ 8, 697 A.2d 1262, 1264. In cases involving sexual offenses, evidence of prior similar uncharged conduct has been admitted to show "the relationship between the parties that in turn sheds light on defendant's motive (i.e., attraction to the victim), intent (i.e., absence of mistake), and opportunity (i.e., domination of the victim) to commit the crime with which he was charged." *State v. Nadeau*, 653 A.2d 408, 410 (Me.1995) (citation omitted). Here, the court committed no error, obvious or otherwise, in admitting evidence of uncharged conduct to show the relationship between defendant and his step-daughters.

 [¶ 5] Defendant next contends that his character for truthfulness was attacked when he was cross-examined by the State, and therefore, the court erred in refusing to allow him to present reputation evidence of character pursuant to M.R. Evid. 608(a). We review the exclusion of such evidence for an abuse of discretion, *State v. Mazerolle*, 614 A.2d 68, 73 (1992), and we find none. Defendant was cross-examined with regard to the consistency of his version of the events, but that is not sufficient to allow rehabilitation through the use of character evidence. *See State v. Coffen*, 520 A.2d 1071, 1072 (Me.1987); *State v. Mazerolle*, 614 A.2d 68, 73 (Me.1992); Field & Murray, *Maine Evidence*, § 608.3 at 268 (4th ed.1997).

 [¶ 6] Finally, defendant challenges the court's jury instructions. He argues that the court erred in declining to instruct the jury that a criminal conviction would preclude defendant from relitigating issues essential to conviction in any subsequent civil action for damages. Defendant offers no authority for his requested instruction other than a misreading of our opinion in *State v. Whitman*, 429 A.2d 203 (Me.1981). There, we held that the trial court erred in refusing to admit evidence, in a criminal trial, of the victim's pending civil action against the defendant. We held that such evidence was

---

**2.** The rule provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show that he acted in conformity therewith.

M.R. Evid. 404(b).

relevant to the issue of credibility. *Id.* at 205. In this case, the possibility of subsequent civil action for money damages was fully explored by defendant in cross-examining the girls' parents. The court's instructions correctly informed the jurors that they could consider a witness's bias and motive for testifying. Defendant was entitled to nothing further.

[¶ 7] The remaining challenges to the jury instructions are without merit and require no discussion.

The entry is:

Judgments affirmed.

