1998 ME 82

**STATE of Maine**

v.

**Savoeun OEUR.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 9, 1998.

Decided April 23, 1998.

Stephanie Anderson, District Attorney, Julia A. Sheridan, Asst. Dist. Atty., Portland, for State.

Robert M. Napolitano, Clarence Hale Mansion, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

DANA, Justice.

[¶ 1]  Savoeun Oeur appeals from judgments of conviction entered in the Superior Court (Cumberland County, *Cole, J.*) after a jury-waived trial in which he was found guilty of three counts of aggravated assault in violation of 17–A M.R.S.A. § 208 (1983) (Class B).  Oeur contends that the court committed prejudicial error when it permitted the prosecutor to refer to his previous juvenile adjudication for assault during his cross-examination.  We find no abuse of discretion in the court's ruling, and after modifying the judgments to reflect a single conviction and sentence, we affirm.

[¶ 2]  On the evening of October 12, 1996, Oeur was traveling with five of his friends in a van on Brighton Avenue in Portland when five male occupants of a Ford Escort that had pulled alongside the van began shouting remarks at the van's three female passengers.  Words continued to pass between the occupants of the vehicles as they proceeded along Brighton Avenue until both vehicles parked near the intersection of Brighton and Bancroft Street.  The two groups of youths left their vehicles and a physical altercation ensued.  During the course of the altercation, Oeur wielded a knife and stabbed the Escort's driver, Bruce Redington, at least four times, including one life-threatening wound that punctured Redington's lung.

[¶ 3]  Oeur was subsequently indicted for attempted murder and three counts of aggravated assault pursuant to the three alternative theories set out in 17–A M.R.S.A. § 208(1).[1]  Prior to the trial, Oeur filed a

---

1.  The statute provides in pertinent part:

1.  A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:

motion in limine that sought to prevent the prosecutor from making use of his juvenile adjudication for assault in any way during the trial. No ruling on the motion was made on the record. After Oeur testified on direct examination that he dropped out of school after this incident because he was embarrassed that people might think he was a criminal, the prosecutor asked the following questions on cross examination without objection:

PROSECUTOR: Didn't people think you were a criminal when you were convicted for aggravated assault two years ago?

OEUR: No.

Q. Didn't that make you a criminal?

A. No.

Q. An aggravated assault conviction?

A. No.

Q. Why didn't that make you a criminal?

A. Because that's not that bad.

Q. Aggravated assault isn't that bad. So an aggravated assault doesn't make a criminal, but attempted murder does?

A. Yes.

Q. Yes?

A. Yes. I never stabbed nobody before in my life.

The court acquitted Oeur of the attempted murder charge but found him guilty of each of the three alternative counts of aggravated assault. On each count, Oeur was sentenced to concurrent sentences of eight years of imprisonment with all but five years suspended followed by four years probation.[2]

 [¶ 4] Oeur argues that the prosecutor's use of his juvenile adjudication was error. Although Oeur filed a motion in limine to exclude evidence of his prior adjudication, he failed to renew his objection when the evidence was offered to the court during the trial. We therefore review the court's

A. Serious bodily injury to another; or
B. Bodily injury to another with use of a dangerous weapon; or
C. Bodily injury to another under circumstances manifesting extreme indifference to the value of human life. Such circumstances include, but are not limited to, the number, location or nature of the injuries, the manner or method inflicted, or the observable physical condition of the victim.
17–A M.R.S.A. § 208 (1983).

actions for obvious error. M.R.Crim. P. 52(b); *State v. Poulos,* 1998 ME 43, ¶ 3, 707 A.2d 1307. "Error is obvious only when it is so highly prejudicial and so taints the proceedings as virtually to deprive the defendant of a fair trial." *State v. Pelletier,* 673 A.2d 1327, 1330 (Me.1996). The court's decision to allow cross-examination on a matter raised by Oeur during his direct examination did not deprive him of a fair trial.

The entry is:

Judgments modified to reflect a single conviction of aggravated assault and a single sentence for that conviction, and as so modified, affirmed.

**2.** Although not raised by Oeur on appeal, the State correctly points out that because he was charged under alternative theories of the same crime, Oeur's convictions must be merged as a matter of law into a single conviction with a single sentence. *See State v. Dechaine,* 572 A.2d 130, 136 (Me.1990); *State v. Allard,* 557 A.2d 960, 962 (Me.1989).